1

2

3

4

5

6

7

8

9

10            UNITED STATES DISTRICT COURT

11                EASTERN DISTRICT OF CALIFORNIA

12

ANGEL MORALES HERNANDEZ,        )      1:06-CV-0318 OWW LJO HC
13                              )
                   Petitioner, )      FINDINGS AND RECOMMENDATION
14                              )      REGARDING PETITION FOR WRIT OF
     v.                         )      HABEAS CORPUS
15                              )
                                )
16   M. S. EVANS,               )
                                )
17                  Respondent. )
                                )
18   _____)

19         Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

20   pursuant to 28 U.S.C. § 2254.  This action has been referred to this Court pursuant to 28

21   U.S.C. § 636(b)(1) and Local Rule 72-302.

22         On February 10, 2006, Petitioner filed a petition for writ of habeas corpus in the United

23   States District Court for the Northern District of California. By order of the Court dated February 17,

24   2006, the action was transferred to the Fresno Division of the Eastern District of California. In the

25   petition before the Court, Petitioner raises three grounds for relief: 1) He claims he was not read his

26   Miranda[1] warnings when he was taken into custody; 2) He claims he was denied effective assistance

27

28         _____
              [1]Miranda v. Arizona, 384 U.S. 436 (1966).

1   of counsel; and 3) He claims he was not advised of his right under the Vienna Convention to

2   communicate with the Mexican consulate.

3                                        **DISCUSSION**

4   A.  Procedural Grounds for Summary Dismissal

5          Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition

6   if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

7   relief in the district court . . . ."  The Advisory Committee Notes to Rule 8 indicate that the court may

8   dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the

9   respondent's motion to dismiss, or after an answer to the petition has been filed.

10   B.  Failure to State a Cognizable Federal Claim

11         The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of

12   Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless

13   he is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a) states:

14            The Supreme Court, a Justice thereof, a circuit judge, or a district court shall
              entertain an application for a writ of habeas corpus in behalf of a person in
15            custody pursuant to a judgment of a State court *only on the ground that he is in
              custody in violation of the Constitution or laws or treaties of the United States*.
16
     (emphasis added).  See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States
17
     District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a
18
     person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484
19
     (1973).
20
           Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must
21
     demonstrate that the adjudication of his claim in state court
22
              resulted in a decision that was contrary to, or involved an unreasonable application
23            of, clearly established Federal law, as determined by the Supreme Court of the
              United States; or resulted in a decision that was based on an unreasonable
24            determination of the facts in light of the evidence presented in the State court
              proceeding.
25
     28 U.S.C. § 2254(d)(1),(2).
26
           In the instant case, with respect to Ground Three Petitioner fails to state a cognizable federal
27
     claim. He claims he was not notified of his right to contact the Mexican consulate according to the
28

1   Vienna Convention. In Breard v. Greene, 523 U.S. 371 (1998), the Supreme Court reviewed a habeas

2   petitioner's claim that the state violated his rights under the Vienna Convention by failing to notify

3   him of his right to communicate with the Paraguayan Consulate.  The Supreme Court stated, "it is

4   extremely doubtful that the violation should result in the overturning of a final judgment of

5   conviction without some showing that the violation had an effect on the trial."  Id., 523 U.S. at 377.

6   Here, Petitioner fails to show how the violation had any effect on his trial.

7                                             **RECOMMENDATION**

8          Accordingly, the Court HEREBY RECOMMENDS that Ground Three of the petition for writ

9   of habeas corpus be DISMISSED for failure to state a claim cognizable under 28 U.S.C. § 2254.

10         This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United

11   States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule

12   72-304 of the Local Rules of Practice for the United States District Court, Eastern District of

13   California.

14         Within thirty (30) days after being served with a copy, any party may file written objections

15   with the court and serve a copy on all parties.  Such a document should be captioned "Objections to

16   Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and

17   filed within ten (10) court days (plus three days if served by mail) after service of the objections.

18   The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The

19   parties are advised that failure to file objections within the specified time may waive the right to

20   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

21   IT IS SO ORDERED.

22   **Dated:    May 5, 2006**                              _____/s/ Lawrence J. O'Neill_____
     b9ed48                                         UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28