1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

ANGEL MORALES HERNANDEZ,          )    1:06-CV-00318 OWW LJO HC
11                                )
                  Petitioner,     )
12                                )    FINDINGS AND RECOMMENDATION
          v.                      )    REGARDING RESPONDENT'S MOTION
13                                )    TO DISMISS
                                  )
14   M. S. EVANS,                 )    [Doc. #11]
                                  )
15                Respondent.     )
                                  )
16   _____)

17         Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

18   pursuant to 28 U.S.C. § 2254.

19                           **BACKGROUND[1]**

20         Petitioner is currently in the custody of the California Department of Corrections pursuant to

21   a judgment of the Superior Court of California, County of Kern, following his conviction by guilty

22   plea on July 3, 2001, to one count of lewd and lascivious acts with a child under fourteen years of

23   age by force with a great bodily injury enhancement in violation of Cal. Penal Code §§ 288(B)(1),

24   12022.8. See Lodged Document No. 1. On October 17, 2001, Petitioner was sentenced to serve a

25   determinate term of 13 years in state prison. Id.

26         Petitioner did not appeal the conviction.

27   _____

28         [1]This information is derived from the petition for writ of habeas corpus, Respondent's motion to dismiss the petition,
     and the exhibits lodged by Respondent.

1    On September 9, 2002, Petitioner filed a petition for writ of habeas corpus in the California

2    Court of Appeals, Fifth Appellate District (hereinafter "5th DCA"). See Lodged Document No. 2.

3    The petition was denied on September 13, 2002. Id.

4    On September 13, 2004, Petitioner filed a petition for writ of habeas corpus in the Kern

5    County Superior Court. See Lodged Document No. 3. The petition was denied on September 27,

6    2004. See Lodged Document No. 4.

7    On October 25, 2004, Petitioner filed a petition for writ of habeas corpus in the 5th DCA. See

8    Lodged Document No. 5.  The petition was denied on November 9, 2004.  See Lodged Document

9    No. 6.

10    On December 9, 2004, Petitioner filed a petition for writ of habeas corpus in the California

11    Supreme Court. See Lodged Document No. 7.  The petition was summarily denied on November 2,

12    2005. See Lodged Document No. 8.

13    On February 10, 2006, Petitioner filed the instant petition for writ of habeas corpus in the

14    United States District Court for the Northern District of California. The petition was transferred to

15    the Eastern District and received in this Court on March 21, 2006.

16    On September 12, 2006, Respondent filed a motion to dismiss the petition as being filed

17    outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1). Petitioner did not file

18    an opposition.

19    **DISCUSSION**

20    A.  Procedural Grounds for Motion to Dismiss

21    Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

22    petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

23    entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

24    The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if

25    the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the

26    state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule

27    4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874

28    F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for

1  state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).

2  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court

3  should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

4          In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s

5  one-year limitations period.  Because Respondent's motion to dismiss is similar in procedural

6  standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default

7  and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to

8  dismiss pursuant to its authority under Rule 4.

9  B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

10          On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

11  1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of

12  habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059,

13  2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct.

14  586 (1997).

15          In this case, the petition was filed on February 10, 2006, and therefore, it is subject to the

16  provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners

17  seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended,

18  § 2244, subdivision (d) reads:

19          (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
20  corpus by a person in custody pursuant to the judgment of a State court.  The
   limitation period shall run from the latest of –

21          (A) the date on which the judgment became final by the conclusion of direct
   review or the expiration of the time for seeking such review;
22

          (B) the date on which the impediment to filing an application created by
23  State action in violation of the Constitution or laws of the United States is removed, if
   the applicant was prevented from filing by such State action;
24

          (C) the date on which the constitutional right asserted was initially recognized by
25  the Supreme Court, if the right has been newly recognized by the Supreme Court and made
   retroactively applicable to cases on collateral review; or
26

          (D) the date on which the factual predicate of the claim or claims presented
27  could have been discovered through the exercise of due diligence.

28          (2) The time during which a properly filed application for State post-conviction or

other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. Here, judgment was rendered and Petitioner was sentenced on October 17, 2001. Petitioner did not file an appeal. Pursuant to Rule 31(a) of the California Rules of Court, Petitioner had sixty (60) days in which to file a notice of appeal. Rule 31(a), Cal.R.Ct.; People v. Mendez, 81 Cal.Rptr.2d 301, 302, 19 Cal.4th 1084, 1086, 969 P.2d 146, 147 (1999). Therefore, Petitioner's direct review concluded on December 16, 2001, when the sixty-day period for filing a notice of appeal expired. Petitioner had one year until December 16, 2002, in which to file his federal petition for writ of habeas corpus. See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir.2001) However, Petitioner delayed filing the instant petition until February 10, 2006, over three years beyond the due date. Absent any applicable tolling, the instant petition is barred by the statute of limitations.

C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Chavis v. Evans, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

As stated above, the statute of limitations began to run on December 16, 2001. Petitioner filed a post-conviction collateral challenge with respect to the pertinent judgment or claim in state court, to wit, a habeas petition in the 5th DCA, on September 9, 2002. As Respondent concedes, the petition tolled the limitations period because it was filed within that period. The petition was denied by the 5th DCA on September 13, 2002, and the limitations period resumed the following day.

Nearly two years later, Petitioner filed a habeas petition in the Kern County Superior Court on August 19, 2004.[2] Respondent correctly argues that Petitioner is not entitled to tolling for the interval between the denial of the habeas petition in the 5th DCA and the filing of the habeas petition in the Kern County Superior Court, because Petitioner unreasonably delayed in filing his habeas petition in the superior court.  In the absence of "clear direction or explanation" from the state court indicating whether the state petition was timely, the federal court "must itself examine the delay . . . and determine what the state courts would have held in respect to timeliness." Chavis, 126 S.Ct. at 852. In Chavis, the Supreme Court found a period of six months filing delay to be presumptively unreasonable under California law. Id. at 854. The Supreme Court stated, "Six months is far longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court. Id., *quoting* Saffold, 536 U.S. at 219.  In addition, the Supreme Court provided the following guidance for determining timeliness:

> [T]he Circuit must keep in mind that, in Saffold, we held that timely filings in California (as elsewhere) fell within the federal tolling provision *on the assumption* that California law in this respect did not differ significantly from the laws of other States, i.e., that California's 'reasonable time' standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules.

Chavis, 126 S.Ct. at 853, *citing* Saffold, 536 U.S. at 222-223.

Here, Petitioner's delay of nearly two years is clearly unreasonable. Therefore, the habeas petition filed in the Kern County Superior Court was untimely and Petitioner is not entitled to tolling

---

[2]Although the petition was filed in the Kern County Superior Court on September 13, 2004, the petition was dated August 19, 2004.  In Houston v. Lack, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk.  Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988).  The Ninth Circuit has applied the rule to assess the timeliness of federal habeas filings under the AEDPA limitations period.  Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001), *citing* Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). Therefore under the mailbox rule, the Court deems the petition filed on August 19, 2004, the date Petitioner presumably handed his petition to prison authorities for mailing.

for the interval between the denial of the habeas petition in 5th DCA and the filing of the next habeas petition in the superior court. The limitations therefore expired during this interval, on December 21, 2002.

Likewise, Petitioner is not entitled to any equitable tolling because Petitioner did not pursue his rights diligently, and no extraordinary circumstance stood in his way." Pace, 544 U.S. at 417; see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Thus, the instant petition is untimely and should be dismissed.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within ten (10) court days (plus three days if served by mail) after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 2, 2006**                    **/s/ Lawrence J. O'Neill**
b9ed48                                          UNITED STATES MAGISTRATE JUDGE